IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEROHN MIZELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:15-CV-550 |
| CONN APPLIANCES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## CONN APPLIANCES, INC.'S MOTION TO STAY

The following are pending before the court:

1. Conn Appliances, Inc.'s motion to stay and, in the alternative, motion for partial summary judgment (docket entry #29);

2. Plaintiff's opposition to Defendant's motion to stay and motion for partial summary judgment (docket entry #38);

3. Conn Appliances, Inc.'s reply in support of its motion to stay and, in the alternative, motion for partial summary judgment (docket entry #43); and

4. Plaintiff's sur-reply in opposition to Defendant's motion to stay and motion for partial summary judgment (docket entry #45).

Having considered the motion to stay and the responsive briefing thereto, the court finds that the motion has merit and should be granted.

### BACKGROUND

On August 13, 2015, the Plaintiff filed this lawsuit against Defendant Conn Appliances, Inc., alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). In his complaint, the Plaintiff claims the following:

> 5. In or around June 2014, Conn began placing calls to Plaintiff's cellular telephone, number 469-xxx-2160, using an automatic telephone dialing system and using an artificial or prerecorded voice.
>
> 6. When Plaintiff answered calls from Conn, he heard a prerecorded message indicating that Conn was attempting to reach "Maria Soto".
>
> 7. Plaintiff does not know Maria Soto and does not know how Conn acquired his cellular telephone number.
>
> 8. Plaintiff did not provide prior express consent to Conn to place calls to his cellular telephone number.
>
> 9. In or around July 2014, Plaintiff advised Conn that it had the wrong number and directed Conn to cease calling his cellular telephone number.
>
> 10. Nevertheless, Conn continued to place automated calls to Plaintiff's cellular telephone number.

PL. COMPL., p. 2.

Now before the court is the Defendant's motion to stay pending a decision by the D.C. Circuit in *ACA International v. FCC*, No. 15-1211 (D.C. Cir., argued October 19, 2016). The Defendant argues that the pending appeal in the D.C. Circuit will resolve two issues that are relevant to, and possibly dispositive of, the claims and defenses now before this court. *See Ankcorn v. Kohl's Corp.*, No. 15-CV-1303, 2017 WL 395707, at *1 (N.D. Ill. Jan. 30, 2017).

> The D.C. Circuit case, *ACA International v. FCC*, is an appeal from the Federal Communications Commission's July 10, 2015 Omnibus Declaratory Ruling and Order. In this Declaratory Ruling, the FCC addressed, among other things, the TCPA's exemption from liability for calls made "with the prior express consent of the called party." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7965 (2015). The FCC considered two issues which are relevant to the case at hand. First, the FCC considered whether the statutory term "called party" includes an original subscriber to a cell phone number who provided his or her telephone number to a caller, consented to receive calls, and was the intended recipient of calls, even if the cell phone number had been subsequently reassigned to a new subscriber without the caller's knowledge. *Id*. at 7999–8006. The FCC concluded that "'called party' is best understood to mean the

subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and * * * is the person whose privacy is interrupted by unwanted calls." *Id*. at 8001.

Second, the FCC considered whether a safe harbor exists for callers who call a cell phone number when the caller had obtained consent to call from the previous subscriber and did not know the cell phone number had been reassigned. *Id*. at 8006–10. The FCC concluded that after the first call, any subsequent calls will incur TCPA liability, explaining that "the one-call window provides a reasonable opportunity for the caller to learn of the reassignment, which is in effect a revocation of consent to be called at that number" and that "[o]ne call represents an appropriate balance between a caller's opportunity to learn of the reassignment and the privacy interests of the new subscriber to avoid a potentially large number of calls to which he or she never consented." *Id*. at 8009. The FCC Commissioners were divided over these issues, and the Declaratory Ruling drew multiple dissents. *Id*. at 7962.

After the FCC released its Declaratory Ruling, nine companies filed petitions in the D.C. Circuit seeking review of the FCC's Declaratory Ruling pursuant to the Administrative Procedures Act, 47 U.S.C. § 402 ("the Hobbs Act"), which sets forth the procedural process for anyone seeking to "enjoin, set aside, annul, or suspend any order of the [FCC]." 47 U.S.C. § 402(a). These petitions were consolidated, and briefing was completed by February 2016. Oral argument took place in the D.C. Circuit on October 19, 2016.

*Ankcorn*, No. 15-CV-1303, 2017 WL 395707, at *2 (footnote omitted).

## **LEGAL STANDARD**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.1983)). "How to best manage the court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163). "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay

-3-

will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Id*. (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

## DISCUSSION AND ANALYSIS

In reviewing the above-referenced factors, the court notes that the parties have filed their respective dispositive motions and that the same are fully briefed. However, "a stay will simplify the issues in question and streamline the proceedings in this court" since the "two issues under consideration by the D.C. Circuit" in the *ACA International* case (the FCC's treatment of persons who receive reassigned numbers as a "called party" and the one-call safe harbor provision for calls to reassigned numbers) "are relevant to [the] Defendant's potential liability in the case at hand." *Ankcorn*, No. 15-CV-1303, 2017 WL 395707, at *2. Additionally, the stay will not unduly prejudice the Plaintiff. *See id*., at *3. Given that oral argument before the D.C. Circuit occurred almost one year ago in *ACA International*, the stay should not be lengthy. *See id*. Further, since the Plaintiff has not advised the court that he is still receiving telephone calls from the Defendant, the court concludes that "there is no risk of ongoing harm to [the] Plaintiff." *Id*. As such, on balance, the factors weigh in favor of granting a stay.

## CONCLUSION

Based on the foregoing, Conn Appliances, Inc.'s motion to stay (docket entry #29) is hereby **GRANTED**. Within 14 days after the D.C. Circuit issues its ruling in *ACA International v. FCC*, No. 15-1211 (D.C. Cir., argued October 19, 2016), the parties shall each file briefs not to exceed 10 pages explaining how the ruling affects the parties' respective positions. Based on the briefs, the court will then lift the stay and place this case back on its active docket. In accordance with the court

granting the Defendant's motion to stay, the following motions are hereby **DENIED AS MOOT**:

1. Defendant's 12(h)(3) motion to dismiss Plaintiff's complaint for lack of Article III standing (docket entry #22);

2. Conn Appliances, Inc.'s motion for partial summary judgment (docket entry #29);

3. Plaintiff's motion for summary judgment (docket entry #30);

4. Conn Appliances, Inc.'s motion for leave to conduct limited discovery (docket entry #31); and

5. Conn Appliances, Inc.'s motions in limine (docket entry #46).

If necessary, once the court lifts the stay, the parties may re-urge their respective motions.

IT IS SO ORDERED.

**SIGNED this the 28th day of September, 2017.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE